UNITED STATES DISTRICT COURT
~~SOUTHERN~~ DISTRICT OF NEW YORK
Eastern

Pasan Witharana

*(In the space above enter the full name(s) of the plaintiff(s))*

CV13 5102

-against-

People of New York
Richard Brown (Qns District Attorney)
Hugh Dorsey (NYPD Detective  ")
Serita T (Qnc Criminal Court Judge AP7)
Leah Weinzimer
Dorothy Hugh

George M Proctor
Alan Perry
Steven Rubel

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

RECEIVED
MAY 22 2013
PRO SE OFFICE

COMPLAINT

Jury Trial: ☑ Yes  ☐ No
*(check one)*

VITALIANO, J.

I. **Parties in this complaint:**

A. List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff  Name **Pasan Witharana**
Street Address **37-47 Warren St**
County, City **Jackson Hts**
State & Zip Code **NY 11372**
Telephone Number **347 421 5722**

B. List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

People of New York
Defendant No. 1  Name **Richard Brown (Qns District Attorney)**
Street Address **125/01 Queens Blvd**

*Rev. 05/2010*

County, City **kewgarden**
State & Zip Code **NY 11415**
Telephone Number **718 286 6000**

**Defendant No. 2**
Name **Serita T (Judge) APT**
Street Address **Queens Criminal Court**
County, City **NY 11415**
State & Zip Code
Telephone Number

**Defendant No. 3**
Name **Hugh Dorsey (NYC Detective) Tax Reg # 120200**
Street Address **125/01 Queens Blvd**
County, City **kewgarden**
State & Zip Code **NY, 11415**
Telephone Number **718 286 6000**

**Defendant No. 4**
Name **Leah Weinzimer**
Street Address **Libertas Center in Elmhust Hospital**
County, City **Queens**
State & Zip Code **NY, 11368**
Telephone Number **718 334 5209**

**II.   Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.   What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal Questions        ☐ Diversity of Citizenship

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? **Unlawful arrest, prosecution, detaining an innocent person violating Constitutional rights.**

C.   If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship **New York**
Defendant(s) state(s) of citizenship **New York**

**III.   Statement of Claim:**

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events.

*Rev. 05/2010*

You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? Queens NY

B. What date and approximate time did the events giving rise to your claim(s) occur? April 18/2012 to February 19/2013

C. Facts: [What happened to you?] I was arrested on April 18/2012 while I was sleeping in my house, they didn't have any warrent they broke my door and beat me. And I went to Court back & forth one year. They forced me to take plea. And force me to go for a mental evaluation without any reason. And On January 15/2013 they send me to prison to throw my case away. From prison they send me to Greenose hospital. Because of my enormouse effort able to get out of the prison hospital on February 19/2013

[Who did what?] Leah Weinzimer and her hospital Companions including the management involve with Qns distric attorney and his followers specially Hugh Dorsey and his supervisor. Judge Serita T & her ADA. Dorothy Hughes at Queens law Associate also Psychiatrics George M Proctor, Alan Perry & Steven Rubel

[Who else saw what happened?] Two detectives work for Qns Distric Attorneys office and Eye witness Detective Joshua.

IV. **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. Physical injury because of Ditective (Hge Dorsey attack. Personal injury imprisonment & physical injury Carcerated by FBI & Designated as mentally ill Criminal. Lost brand new job because of the imprisonment & Criminal record. Huge monetory imotional personal damage & other violating other legal rights specially Because of the Complain & the Detective lost the immigration lawyer & the Immigration date extended.

United States District Court

Southern District Of NewYork

| | |
|---|---|
| People of new york <br> Plaintif <br> Vs <br> Pasan Witharana <br> defendant | IND # 2012QN021504 |

## Motion to fully dismissed and to reopen Criminal Traffic.

I the undersigned,

1. Move to reopen the case numbered 2012QN021504 and charge with PL 240.30,240.30,240.30,120.45,120.00,240.26 and I plead not guilty, but charged with sec 730 violation and I've been detained thirty seven days.
2. I was humiliated,forced to unreasonable medical examination,ruined peaceful life, put the life and right to live legally in united states in jepardy. I was served both publication and institution because of nys court crualtiness and espionage as usual work with queens district attorney and his sympothyzers ,public funded terrorists.
3. I expected to testified all the responsible parties in a united state distict court, which nys court denied. And it mislead pretrial actions, also violated my 5TH, 6TH, 8TH Amendments rights. And it also coverup prosecutors unlawfull actions,personal connections to prosecute and use of the power/violent far beyond their jurisdiction and specially the hate crimes.
4. Under these circumstances I want fully dismissal of my case or go for a fair jury trial in the united states district court, I also request a open federal investigation which local authorities denied.

05/22/2013

Date of motion

*Pasan*
*Pasan Witharana*
applicant/defendant

```
CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS                          CERTIFICATE OF DISPOSITION
                                                NUMBER:  232504
THE PEOPLE OF THE STATE OF NEW YORK
             VS

WITHARANA, PASAN                               01/10/1987
Defendant                                   Date of Birth

37-47 WARREN ST                                118496170
Address                                     NYSID Number

QUEENS            NY                           04/16/2012
City          State   Zip                   Date of Arrest/Issue

Docket Number: 2012QN021504                 Summons No:

240.30 240.30 240.30 120.45 120.00 240.26
Arraignment Charges


Case Disposition Information:

    Date        Court Action                  Judge                Part
 01/15/2013  DISMISSED - CPL SECTION 730    SERITA,T               AP7
```

NO FEE CERTIFICATION

_ GOVERNMENT AGENCY        _ COUNSEL ASSIGNED

_ NO RECORD OF ATTORNEY READILY AVAILABLE. DEFENDANT STATES COUNSEL WAS ASSIGNED

SOURCE  _ ACCUSATORY INSTRUMENT  _ DOCKET BOOK/CRIMS  _ CRC3030[CRS963]

       I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN
THIS COURT.

HOLMES, J                                   05/21/2013
COURT OFFICIAL SIGNATURE AND SEAL              DATE        FEE: NONE

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT
          SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)

Case 1:13-cv-03102-ENV-MDG   Document 1   Filed 05/22/13   Page 6 of 14 PageID #: 6

TOP ~~[crossed out]~~   Pasan Witharana - 347 972 8963


AFF#436830/427271

Q12623055

APR 19 AM 10:39

CRIMINAL COURT OF THE CITY OF NEW YORK
PART APAR, COUNTY OF QUEENS

THE PEOPLE OF THE STATE OF NEW YORK

v.

PASAN WITHARANA (25Y)
DEFENDANT

STATE OF NEW YORK
COUNTY OF QUEENS

DRH

2012QN021504   ~~Carol Siegel~~



corrob attached

?

DETECTIVE HUGH DORSEY OF DISTRICT ATTORNEY SQUAD, QUEENS COUNTY, TAX
REG#: 120200, BEING DULY SWORN, DEPOSES AND SAYS THAT BETWEEN JULY 14
2011 8:00PM AND MARCH 19 2012 6:20PM, AT THE INTERSECTION OF 27TH
STREET AND QUEENS PLAZA SOUTH, COUNTY OF QUEENS, STATE OF NEW YORK

2 mths ago

APZ 5/3

THE DEFENDANT COMMITTED THE OFFENSES OF:
PL 120.00-1 ASSAULT IN THE THIRD DEGREE - DNA SAMPLE REQUIRED UPON
            CONVICTION
PL 240.30-1A (VIVES) AGGRAVATED HARASSMENT IN THE SECOND DEGREE (POST
             VIVES V. KELLY)
PL 240.30-1B (VIVES) AGGRAVATED HARASSMENT IN THE SECOND DEGREE (POST
             VIVES V. KELLY)
PL 240.30-2 AGGRAVATED HARASSMENT IN THE SECOND DEGREE
PL 120.45-1 STALKING 4TH DEGREE - DNA SAMPLE REQUIRED UPON CONVICTION
PL 240.26-1 HARASSMENT IN THE SECOND DEGREE

IN THAT THE DEFENDANT DID: WITH INTENT TO CAUSE PHYSICAL INJURY TO
ANOTHER PERSON, CAUSE SUCH INJURY TO SUCH PERSON OR A THIRD PERSON;WITH
INTENT TO HARASS OR THREATEN ANOTHER PERSON, THE DEFENDANT COMMUNICATED
WITH A PERSON, ANONYMOUSLY OR OTHERWISE, BY TELEPHONE, OR BY TELEGRAPH,
MAIL OR ANY OTHER FORM OF WRITTEN COMMUNICATION, IN A MANNER LIKELY TO
CAUSE ANNOYANCE OR ALARM;  WITH INTENT TO HARASS OR THREATEN ANOTHER
PERSON, THE DEFENDANT CAUSED A COMMUNICATION TO BE INITIATED BY
MECHANICAL OR ELECTRONIC MEANS OR OTHERWISE WITH A PERSON, ANONYMOUSLY
OR OTHERWISE, BY TELEPHONE, OR BY TELEGRAPH, MAIL OR ANY OTHER FORM OF
WRITTEN COMMUNICATION, IN A MANNER LIKELY TO CAUSE ANNOYANCE OR ALARM
WITH INTENT TO HARASS, ANNOY, THREATEN, OR ALARM ANOTHER PERSON, MAKE A
TELEPHONE CALL, WHETHER OR NOT A CONVERSATION ENSUED, WITH NO PURPOSE
OF LEGITIMATE COMMUNICATION;  INTENTIONALLY, AND FOR NO LEGITIMATE
PURPOSE, ENGAGE IN A COURSE OF CONDUCT DIRECTED AT A SPECIFIC PERSON,
AND DID KNOW OR REASONABLY SHOULD HAVE KNOWN THAT SUCH CONDUCT: WAS
LIKELY TO CAUSE REASONABLE FEAR OF MATERIAL HARM TO THE PHYSICAL
HEALTH, SAFETY OR PROPERTY OF SUCH PERSON, A MEMBER OF SUCH PERSON'S
IMMEDIATE FAMILY OR A THIRD PARTY WITH WHOM SUCH PERSON IS ACQUAINTED
WITH THE INTENT TO HARASS, ANNOY, OR ALARM ANOTHER PERSON, THE
DEFENDANT(S) DID STRIKE, SHOVE, KICK, OR SUBJECTED ANOTHER PERSON TO
PHYSICAL CONTACT, OR ATTEMPTED OR THREATENED TO DO THE SAME.

p.1   7185075555   Internet Cafe   Jun 08 12 11:33a

AFF#436830|427271

WITHARANA, PASAN   Q12623055

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S BELIEF ARE AS FOLLOWS:

DEPONENT STATES THAT HE IS INFORMED BY THE COMPLAINANT, LEAH WEINZIMER, THAT FROM JULY 14, 2011 THROUGH MARCH 19, 2012 THE DEFENDANT, PASAN WITHARANA, CALLED HER CELL PHONE SEVERAL TIMES A DAY AND TEXTED HER NUMEROUS TIMES A DAY, TELLING HER THAT HE LOVED HER AND WANTED TO BE WITH HER. DEPONENT FURTHER STATES THAT HE IS INFORMED BY THE COMPLAINANT THAT SHE REPEATEDLY TOLD THE DEFENDANT TO STOP CALLING HER AND DEPONENT ALSO TOLD DEFENDANT TO STOP CALLING THE COMPLAINANT, BUT THE DEFENDANT CONTINUED TO CALL AND TEXT THE COMPLAINANT.

*[handwritten margin: admits, just called last year.]*

DEPONENT FURTHER STATES THAT HE IS INFORMED BY THE COMPLAINANT THAT ON MARCH 19, 2012 AT APPROXIMATELY 6:00PM THE DEFENDANT WAS WAITING AT THE SUBWAY STOP NEAR THE COMPLAINANT'S PLACE OF EMPLOYMENT. DEPONENT FURTHER STATES THAT HE IS INFORMED BY THE COMPLAINANT THAT THE DEFENDANT FOLLOWED HER ONTO THE SUBWAY AND STOOD DIRECTLY IN FRONT OF HER, PUT HIS HAND ON HER LEG, AND TOLD HER THAT HE LOVED HER AND WANTED TO BE WITH HER. DEPONENT FURTHER STATES THAT HE IS INFORMED BY THE COMPLAINANT THAT THE DEFENDANT STOOD IN FRONT OF THE SUBWAY DOORS WHEN SHE TRIED TO GET OFF THE SUBWAY, BLOCKING HER FROM EXITING.

*[handwritten margin: denies, met by accident - went to talk to her.]*

DEPONENT FURTHER STATES THAT HE IS INFORMED BY THE COMPLAINANT THAT SHE RAN DOWN THE SUBWAY STATION STAIRS AT THE ABOVE LOCATION AND THE DEFENDANT RAN PAST HER AND STOOD AT THE BOTTOM OF THE STAIRS WITH HIS HANDS OUT, BLOCKING HER FROM WALKING DOWN THE STAIRS. DEPONENT FURTHER STATES THAT HE IS INFORMED BY THE COMPLAINANT THAT THE DEFENDANT PUSHED HER ON HER ARMS TO BLOCK HER FROM GETTING PAST HIM.

*[handwritten margin: denies]*

DEPONENT FURTHER STATES THAT HE IS INFORMED BY THE COMPLAINANT THAT THE ABOVE ACTIONS OF THE DEFENDANT CAUSED HER TO SUFFER SUBSTANTIAL PAIN, ANNOYANCE AND ALARM, AND PLACED HER IN FEAR OF SERIOUS PHYSICAL INJURY.

*[handwritten bottom-left:*
asylum case pending.
immig atty
Marie Russell
Catholic Charities
212-419-3775 immig.
assistant Jodi Sisina
212-419-3708
*]*

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW

4/18/12
DATE   SIGNATURE

SWORN TO BEFORE ME ON THE
DAY OF

DATE   SIGNATURE

At a Mental Health Part of the Supreme Court, held in and for the County of Queens, 80-45 Winchester Boulevard, State of New York on the 19 day of Feb. 2013

PRESENT:

HONORABLE MARTIN J. SCHULMAN
     JUSTICE
-------------------------------------------------X

In the Matter of the Retention of

WITHARAMA, PASAN

an Alleged Mentally Ill Patient at
Creedmoor Psychiatric Center

-------------------------------------------------X

ORDER
Index# 500186 /2013

An application pursuant to §9.31 of the Mental Hygiene Law, for the release/~~retention~~ of the above-named patient, dated 2/5/13, having been made, and the Court after notice thereof, having fixed the date for such hearing, and notice thereof having duly been served upon all persons entitled thereto, pursuant to the Mental Hygiene Law, and a hearing having been held before me on Feb. 19TH 2013, in the presence of counsel for the patient, the Mental Hygiene Legal Service, Lesley De Lia, Esq., by ROBERT SEPPANER Esq., and Creedmoor Psychiatric Center having been represented by Eric T. Schneiderman, Attorney General State of New York, by NANCY HORNSTEIN, Esq.

Now upon conducting a hearing and reviewing all the evidence, the patient is not in need of involuntary care or treatment, and is hereby

**ORDERED**, that the patient is discharged from Creedmoor Psychiatric Center forthwith.

_____
Justice of The Supreme Court
**HON. MARTIN J. SCHULMAN**

FEB 19 2013

Alberto
Guido
(718) 286-
6143

John
Ruane
(718) 286-
6468

# NEW YORK CITY
# HEALTH AND HOSPITALS CORPORATION
# KINGS COUNTY HOSPITAL CENTER
451 Clarkson Avenue, Brooklyn, N.Y. 11203

## CPL Article 730 EXAMINATION REPORT
(Psychiatric Examination)

**CRIMINAL** COURT OF THE CITY OF **NEW YORK**
COUNTY OF **QUEENS**

**EXAMINATION REPORT**

PEOPLE OF THE STATE OF NEW YORK

Docket#**2012QN021504**
Indictment No. _____

## PASAN WITHARANA
Defendant

-------------------------------------------------------x

We, the undersigned, duly certified pursuant to law as a (qualified psychiatrist) (certified psychologist), having been designated by Mr. George M. Proctor, Director of Kings County Hospital Center, pursuant to an order signed by the Honorable, **Morris** Judge of the **Criminal** Court **QUEENS** County, dated **9/12/12** to examine the above-named defendant pursuant to Article 730 of the Criminal Procedure Law, to determine if the defendant is an incapacitated defendant, have conducted such examination with due care and diligence.

The nature and extent of the examination was as follows:

PLEASE SEE THE ATTACHED REPORTS.

---

We have come to the following opinion as a result of such examination:
**(NOTE TO THE EXAMINER):** If the following paragraph sets forth the opinion of the examiner, sign the report where indicated below and do not complete page 2. Otherwise strike out the following paragraph, complete fully the remainder of this report and sign on page 2.

[REDACTED]

NEW YORK CITY HEALTH AND HOSPITALS CORPORATION
# KINGS COUNTY HOSPITAL CENTER
## 451 CLARKSON AVENUE
## BROOKLYN, NY 11203

| EXAMINERS | FORENSIC PSYCHIATRY |
|---|---|
| Elizabeth A. Owen, Ph.D., Interim Director<br>Cheryl Paradis Psy.D.<br>Alan Perry, Ph.D.<br>Steven Rubel, M.D.<br>Liang Shao, Ph.D.<br>Michael Fudar, M.D.<br>Beverley Martin, Ph.D.<br>Chinmoy Gulrajani, M.D. | FOR THE CRIMINAL & SUPREME<br>COURTS COUNTIES OF:<br>KINGS (718) 802-2927<br>QUEENS (718) 268-8177<br>RICHMOND (718) 245-2272<br><br>Hub (718) 245-2272 |

## EXAMINATION PURSUANT TO ARTICLE 730 CPL

| Defendant: Pasan Witharana | D.O.B: 1/10/1987 |
|---|---|
| Date: 10/3/2012 & 10/7/2012 | NYSID#: 11849617Q |

This 25 year Sri Lankan born male stands charged in the Queens County Criminal Court with Assault in the Third Degree, Aggravated Harassment in the Second Degree, and Stalking in the Fourth Degree in that it is alleged between July 14, 2011 and March 19, 2012 the defendant called the complainant several times a day and texted her numerous times a day telling her that he loved her and wanted to be with her. It is reported that the defendant was told by the complainant and by the detective of the district attorney's office to stop calling her but the defendant continued to call and text the complainant. It is also alleged that on March 19, 2012 at about 6 PM the defendant followed the complainant onto the subway and put his hand on her leg and blocked her from exiting the subway. It is also reported that the defendant pushed the complainant on her arms in an effort to block her from going past him.

The defendant was seen as an outpatient defendant by me on 12/3/12 and again on 12/7/12 with Dr. Steven Rubel present and participating during the latter examination. Remarks of the Court indicate this exam was "requested based upon prior issues."

By way of personal history the defendant states that he came to this country from Sri Lanka four or five years ago by himself. He reports his father is deceased but his mother remains in a refugee camp in Sri Lanka because he reports the government there was unable to settle people after the civil war between the government and the Tamil Tigers. The defendant states that he is seeking political asylum because he was tortured by the government during the war. He reports that he was interrogated and was beaten and electrocuted. The defendant has a separate attorney involved in his immigration case.

The defendant lives by himself and reports he is now working part time in a restaurant and that he lost his previous job in a bakery because of this case.

The defendant states he sought treatment by an "ayurvedic doctor" in his country after he was tortured to restore his physical and mental health. It appears this treatment is indigenous to his country and holistic in nature. The defendant reports he was in the hospital sometime around 2007 or 2008 in Sri Lanka for about two weeks after he was tortured. He reports he suffered muscle and back pain and that his toenails were pulled out of their beds. The defendant reports he was referred to a psychiatrist in his country by his immigration lawyer for an evaluation in relation to his immigration case.

The defendant denies any substance abuse.

He reports he finished college in his country where he studied accounting.

The defendant has never been married and has no children. He states he has few friends because the Sri Lankan community in Queens is very small. The defendant reports he "used to have a couple of girlfriends. Not now."

The defendant denies any medical problems.

The defendant understands his charges, his legal options and their ramifications. The problem is it seems he is delusional concerning his case. The defendant is certain that the complainant "has contacts in the D.A.'s office. He is a relative. He used to work for the Mossad." When asked how he knows this he states cryptically, "there are a lot of ways to find out. I'll prove it. I can prove. I'm going to trial. I'm going to fight this to the death. I want this case dismissed with merit." The defendant states that he has phone records of the complainant calling him many times and photos on his phone which she sent to him of herself topless. The defendant states that he will take the case to trial because in his words, "I don't deal with terrorists. I will only accept the full dismissal." When asked why the complainant would turn on him if they had some sort of a relationship he states that the complainant's co – worker, "had a contribution for this." The defendant also states the police are able to "track" him through "a Chicago based company."

At present the defendant is in good contact and he is fully oriented. His mood is neutral but his affect is somewhat blunted. Insight and judgment is questionable. Speech is rapid but shows no loosening of associations. He denies hallucinations but he seems to be delusional concerning the complainant. Suicidal ideas are denied, past and present.

Diagnoses:

Axis I:   Consider Delusional Disorder (297.1)
          Post Traumatic Stress Disorder (309.81)
Axis II:  Deferred (799.9)
Axis III: None Known

Re: Pasan Witharana

C.P.L. Article 730
Form 16-b
Page 2

It is our opinion that the above-named defendant is an incapacitated person, in that, as a result of mental disease or defect, (he) (she) lacks capacity to understand the proceedings against (him) (her) to assist in (his) (her) own defense.

1. History of clinical summary, including mental status. (Attach additional sheets if necessary).

PLEASE SEE THE ATTACHED REPORTS

2. Diagnosis:

PLEASE SEE THE ATTACHED REPORTS

3. Prognosis:

GUARDED

4. Reasons for our opinion, specifying those aspects of the proceedings wherein the Defendant lacks capacity to understand or to assist in (his) (her) own defense. (Attach additional sheets, if necessary).

PLEASE SEE THE ATTACHED REPORTS.

Signature: _____  Date: _____ 12/3/12 & 12/7/12
(Print name) Alan Perry, PH.D.

Signature: _____  Date: _____ 12/7/12
(Print name) Steven Rubel, M.D.

If the court concurs with this conclusion, that the defendant is NOT COMPETENT TO proceed trial at this time, it is respectfully recommended that the defendant be committed to the care and custody of the Commissioner of the New York State Office of Mental Health (OMH), UNLESS one of the following is indicated:

- ☐ There is clear evidence that MENTAL RETARDATION is the primary disability recommended to the Commissioner of New York State Office of Mental Retardation and Developmental Disabilities (OMRDD)

- ☐ There is evidence of dual diagnosis (Mental Retardation and Mental Illness) and this designation form and psychiatric reports recommend be forward to both (OMH and (OMRDD) Commissioners for clarification of appropriate commitment.

Queens County District Attorney
# Intake Bureau Crime Report

| | |
|---|---|
| Summary of Crime | CW WORKS AT A SOCIAL WORK PROGRAM (LIBERTAS CENTER FOR HUMAN RIGHTS) AT ELMHURST HOSPITAL.<br><br>DEF WAS A CLIENT AT THE PROGRAM. DEF STARTED TELLING CW THAT HE WAS IN LOVE WITH HER IN AUGUST OF 2010 AND WAS HAVING INAPPROPRIATE CONVERSATIONS WITH HER ABOUT THE FEELINGS HE HAD FOR HER.<br><br>CW FELT THREATENED BY DEF BC HE KEPT SAYING HE WAS IN LOVE WITH HER AND WANTED TO BE WITH HER AND SHE FELT HE WOULD DO ANYTHING TO BE WITH HER. DEF SHOWED UP AT CW'S OFFICE AFTER BEING TOLD HE COULDN'T INTERACT WITH HER IN SEPT OF 2010. CW FILED REPORT W/ HOSPITAL POLICE.<br><br>DEF WAS THROWN OUT OF THE PROGRAM IN OCT 2010 BC HE BECAME VERBALLY ABUSIVE WITH THE STAFF, MAKING THREATS. HOSPITAL POLICE HAD TO PHYSICALLY REMOVE DEF FROM HOSPITAL BC HE WOULDN'T LEAVE ON HIS OWN.<br><br>JULY OF 2011 DEF BEGAN CALLING CW. HE GOT HER CELL PHONE # SOMEHOW (CW DOESN'T KNOW HOW AND DEF DOESN'T SAY - DEF TOLD CW HE PAID A LOT OF MONEY TO GET HER CELL #).<br><br>CW TELLS DEF TO STOP CALLING HER BUT DEF DOESN'T STOP. ON AND OFF FROM JULY 2011-MARCH 2012 DEF IS CALLING CW. IN FEB 2012 CW BLOCKED HIS # FROM HER PHONE SERVICE, BUT DEF WAS STILL PICTURE MESSAGING HER BC PHONE COMPANY COULDN'T BLOCK THAT. DEF IS SAYING I LOVE YOU, I MISS YOU, I WANT TO BE WITH YOU, SENDING PICTURES OF PINK LIPS WHICH CW INTERPRETED AS SEXUAL IN NATURE. THERE WERE DAYS WHERE CW WOULD GET 5 CALLS/DAY AND SEVERAL TEXTS/DAY.<br><br>ON 3/19 DEF SHOWS UP WAITING FOR CW AT THE 82 AND ROOSEVELT AVE SUBWAY STOP WHEN SHE WAS ON HER WAY HOME FROM WORK. DEF FOLLOWED CW ONTO THE 7 TRAIN AND STANDS IN FRONT OF HER WHEN SHE SAT DOWN. DEF TOUCHED HER LEG AND TOLD HER "I LOVE YOU, I WANT TO BE WITH YOU, I DON'T UNDERSTAND WHY YOU WON'T TALK TO ME." CW SAID DON'T TALK TO ME, GET AWAY FROM ME.<br><br>CW GOT OUT OF HER SEAT AND STOOD BY THE DOOR AND DEF STOOD RIGHT IN FRONT OF HER, BLOCKING HER FROM MOVING. CW PUSHED PAST DEF AND GOT OFF THE TRAIN AT QUEENSBORO PLAZA. DEF FOLLOWED CW AND CW IS LOOKING FOR A POLICE OFFICER. CW GOES DOWN THE STAIRS AND DEF RUNS DOWN PAST HER AND PUTS HIS ARMS OUT TO BLOCK HER FROM GETTING PAST HIM AND THEN PUSHED HER, ~~CAUSING PAIN TO YOUR~~ ARM.<br><br>CW PUSHED PAST CW AND RAN TO THE BOOTH AND TELLS THEM TO CALL THE POLICE. |
| Date Reported | 03/19/2012 |
| Reason for Delay in Reporting and/or Arrest | NO DELAY IN REPORT. DELAY IN ARREST DUE TO LOCATING DEF (HE HAS HAD 4 DIFFERENT ADDRESSES IN LESS THAN A YEAR). |

Page 2 of 8

Queens County District Attorney
## Intake Bureau Crime Report

| Police Invest Led to Arrest | A/O WENT TO DEF'S HOUSE AND DEF WAS HOME. THEY BROUGHT HIM TO PCT AND PLACED HIM UNDER ARREST. |
|---|---|
| Cross Reference Arrest Number/Description | |
| Parties Know Each Other | YES |
| CW Relationship to Defendant | NO RELATIONSHIP |
| Defendant Statements | |
| Defendant Identification | |