UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PASAN WITHARANA,

              Plaintiff,
       -against-

People of New York, RICHARD BROWN
(Qns District Attorney), HUGH DORSEY
(NYPD Detective), JUDGE T. SERITA
(Qns Criminal Court Judge AP7); LEAH
WEINZIMER, DOROTHY HUGH, GEORGE
M. PROCTOR, ALAN PERRY, STEVEN
RUBEL,

              Defendants.
------------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM & ORDER

13-CV-03102 (ENV) (MDG)

**VITALIANO, D.J.,**

On May 22, 2013, plaintiff Pasan Witharana, appearing *pro se*, filed this action alleging the violation of his constitutional rights. The Court grants plaintiff's request to proceed *in forma pauperis*. The complaint is dismissed in part as set forth below.

## Background

Plaintiff alleges that on April 18, 2012, he was falsely arrested and beaten by defendant Detective Hugh Dorsey. Compl. at 3, ¶ III. Plaintiff alleges that Dorsey did not have a warrant and broke the door to his home in order to arrest him. Id. Plaintiff further alleges that he was "forced to take a plea" and that he was sent to prison, but then was transferred to a psychiatric hospital from which he was released on February 19, 2013. Id.; Unmarked Exhibit ("Order, Index #500186/2013"). On January 15, 2013, the charges were dismissed. Id., Unmarked Exhibit ("Certificate of Disposition, Criminal Court of the City of New York").

## Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Id. While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the Court reviews such allegations by reading the complaint with "special solicitude" and interpreting the allegations to raise the "strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (*per curiam*); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted)). Nonetheless, the Court is required to dismiss a complaint, filed *in forma pauperis*, if it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## Discussion

The Court liberally construes plaintiff's complaint as arising under 42 U.S.C. § 1983. To sustain a claim brought under 42 U.S.C. § 1983, a plaintiff must show that the defendant (a) acted under color of state law (b) to deprive the plaintiff of a constitutional right. Colombo v. O'Connell, 310 F.3d 115, 117 (2d Cir. 2002); Pitchell v. Callan, 13 F.3d 545, 548 (2d Cir. 1984).

Witharana's complaint arises from a crime report filed with the Queens County District by Leah Weinzimer, a social worker at Elmhurst Hospital. Plaintiff names Weinzimer as well as Richard Brown, the District Attorney of Queens County, Judge Serita of the Criminal Court, Dorothy Hughes of Queens Law Associates, Detective Dorsey, and psychiatrists George M. Proctor, Alan Perry, and Steven Rubel.

Excluding the claim of alleged false arrest and excessive force against Dorsey, the complaint cannot proceed. As to the other defendants, plaintiff does not provide any facts to support a claim, as required under Rule 8 of the Civil Rules of Civil Procedure. Plaintiff's statement of facts fails to distinguish each defendants' conduct or allege facts against any individual defendants, other than Detective Dorsey. See, e.g., Atuahene v. City of Hartford, 10 F. App'x 33 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff's] complaint failed to satisfy this minimum standard . . .").

In any event, the claims against defendant Weinzimer and defendant Dorothy Hughes, a lawyer at Queens Law Associates, must be dismissed as these are private parties. A claim for relief under § 1983 must allege facts showing that the defendant acted under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" Hooda v. Brookhaven Nat. Lab., 659 F.Supp.2d 382, 393 (E.D.N.Y. 2009) (quoting Rendell-Baker v. Kohn, 457 U.S. 830, 837 (1982)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Flagg v. Yonkers Sav. & Loan Ass'n, 396 F.3d 178, 186 (2d Cir. 2005). In addition, a "public defender does not act

under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981); accord Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997).

Furthermore, judges have absolute immunity from suit for judicial acts performed in their judicial capacities, Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009); see also Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam), and it is well-settled that "a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution . . . is immune from a civil suit for damages under § 1983." Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005) (quotation omitted). For these reasons, the complaint is dismissed as to the People of the State of New York, Queens County District Attorney Richard Brown, Judge T. Serita, Leah Weinzimer, Dorothy Hughes, George M. Proctor, Alan Perry, and Steven Rubel pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed as to the People of the State of New York, Queens County District Attorney Richard Brown, Judge T. Serita, Leah Weinzimer, Dorothy Hughes, George M. Proctor, Alan Perry, and Steven Rubel pursuant to 28 U.S.C. § 1915(e)(2)(B). No summons shall issue as to these defendants.

The complaint shall proceed as to Detective Hugh Dorsey, Tax Reg. # 120200, of the District Attorney Squad, Queens County, alleging false arrest and excessive force.

The Clerk of Court shall issue a summons against this defendant and the United States Marshals Service shall serve the summons, complaint and a copy of this order upon this

defendant without prepayment of fees. The Clerk of Court shall mail a courtesy copy of the same papers to the Corporation Counsel of the City of New York, Special Federal Litigation Division. This case is referred to the Honorable Marilyn D. Go, United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

So Ordered.

s/ ENV

_____
**Eric N. Vitaliano**
**United States District Judge**

Dated: Brooklyn, New York
     May 30, 2013