```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

PASAN WITHARANA,
                        Plaintiff,

        - against -                       ORDER

HUGH DORSEY (NYPD Detective),             CV 2013 3102 (ENV)(MDG)

                        Defendant.
- - - - - - - - - - - - - - - - - -X
```

By letter dated August 16, 2013, Tavish C. Deatley of the Office of the Corporation Counsel of the City of New York moves to compel plaintiff to provide executed releases pursuant to New York Criminal Procedure Law § 160.50 and medical releases. Plaintiff opposes the motion and argues that he has "already submitted all the necessary documents."

This Court previously directed plaintiff to execute and return releases for arrest records and medical records that the Corporation Counsel's office had sent. See electronic order dated 7/9/13. This Court had ordered plaintiff to provide the signed releases because, as explained by ACC Deatley by letter dated July 9, 2013, defendant needed to obtain the documents sought by the releases in order to investigate the claims made in the complaint and to be able to answer the complaint. See ct. doc. 9. Plaintiff has not done so, and the records he has provided are not sufficient.

Under Criminal Procedure Law § 160.50, records relating to an "action [that] has been terminated in favor of the accused . . . shall be sealed." C.P.L. § 160.50. Since the charges against plaintiff that give rise to his false arrest and excessive force allegations

were dismissed pursuant to Article 730 of the New York Criminal Procedure Law after he was found unfit to proceed due to mental disease or defect, the City requires a release to access plaintiff's arrest, prosecution and criminal court files. In addition, plaintiff claims that he was wrongfully committed to Creedmor Psychiatric Center. Therefore, plaintiff's medical and psychiatric records are also relevant to his claims in this case. Although plaintiff has produced some records pertaining to his arrest, prosecution and confinement at Creedmor, other records apparently remain outstanding.

For the foregoing reasons, the Corporation Counsel's motion to compel is granted. See Hyer v. City of N.Y., 2006 WL 2053195, at *2 (S.D.N.Y. 2006) (ordering plaintiff to execute section 160.50 release within 10 days or claims would be dismissed). Plaintiff is warned that failure to comply with this order could result in the imposition of sanctions against him, including a fine or dismissal of his claims.

Defendant Detective Hugh Dorsey's time to answer or otherwise respond to the complaint is extended to 45 days after plaintiff provides properly executed releases.

**SO ORDERED.**

Dated: Brooklyn, New York
August 19, 2013

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE