UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
PASAN WITHARANA,

                              Plaintiff,        **MEMORANDUM & ORDER**

-against-                                     13-CV-3102 (ENV) (MDG)

HUGH DORSEY (NYPD Detective),

                              Defendant.
-----------------------------------------------------------------x
VITALIANO, D.J.

      Pro se plaintiff Pasan Witharana appeals from the July 9, 2013 Order of Magistrate Judge Marilyn D. Go extending defendant Hugh Dorsey's time to answer or otherwise respond to the complaint.[1] Judge Go granted the extension of time sua sponte, in response to a letter from Tavish C. DeAtley, Assistant Corporation Counsel for the City of New York.[2] (See Docket No. 9.) For the reasons stated below, plaintiff's objections are overruled and the Order is affirmed.

---

[1] Although Witharana indicated that he was appealing Judge Go's decision to the United States Court of Appeals for the Second Circuit (see Notice of Appeal, Docket No. 18), since courts of appeals have jurisdiction only over final decisions of district courts, they "will not entertain appeals from magistrate judge orders on nondispositive matters." C. Wright, A. Miller & E. Cooper, 15A Fed. Prac. & Proc. Juris. § 3901.1 (2d ed.); Travers v. Comm'r of Soc. Sec., 516 F. App'x 41 (2d Cir. 2013). Accordingly, the Court construes Witharana's Notice of Appeal and related submissions (see Docket Nos. 10, 12, 13, 14, 18) as an appeal of Judge Go's Order to this Court.

[2] The City of New York is an interested party in this case.

## Discussion

The Court "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). A party may object to a magistrate judge's pretrial order on a nondispositive matter within 14 days of the order.[3] Fed. R. Civ. P. 72(a). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" Rathgaber v. Town of Oyster Bay, 492 F. Supp. 2d 130, 137 (E.D.N.Y. 2007) (quoting Catskill Dev., L.L.C. v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002)). Generally, "magistrate judges have broad discretion to resolve nondispositive matters." Macaluso v. Keyspan Energy, 2007 U.S. Dist. LEXIS 33464 (E.D.N.Y. May 7, 2007).

Construing plaintiff's pro se submissions liberally, Witharana argues that Judge Go improperly granted the defendant an extension of time to file an answer, and, in particular, erred in granting the extension without first notifying plaintiff. Plaintiff's objections, however, are without merit. "Federal Rule of Civil Procedure 6(b)(1) gives [courts] wide discretion to grant a request for additional time." Ramashwar v. City of New York, 231 F. App'x 26, 27–28 (2d Cir. 2007) (quotation marks omitted). Here, Judge Go's exercise of discretion was eminently reasonable. She granted the extension of time, in part, because plaintiff had not yet executed a

---

[3] Although plaintiff did not respond to Judge Go's July 9th Order until 16 days after it was entered (see Docket No. 10), the Court must assume that plaintiff did not receive notice until three days after it was mailed. Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525–26 (2d Cir. 1996); Fed. R. Civ. P. 6(d). Thus, assuming Witharana received notice on July 12, 2013, the objections were timely filed.

2

medical release that the City indicated it needed to investigate the allegations of the complaint. In fact, plaintiff still has not signed the medical release. (See Docket No. 20.) Moreover, courts are permitted to grant extensions of time "without notice to or a response from" opposing parties if the request is filed before the original time to respond expires, as was the case here. Regimbald v. General Elec. Go., 114 Fed. App'x 441, 442 (2d Cir. 2004) (summary order) (noting that the district court was not required to give notice or obtain a response from pro se plaintiff before granting defendant's extension of time request). Accordingly, plaintiff fails to show any error in the Order, let alone an error warranting this Court's intervention under Rule 72.

## Conclusion

For the foregoing reasons, Witharana's objections are overruled and the Order is affirmed.

So Ordered.

Dated: Brooklyn, New York
February 12, 2014

s/Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge