UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
PASAN WITHARANA,

        Plaintiff,

 -against-

HUGH DORSEY (NYPD DETECTIVE),

        Defendant.

-----------------------------------------------------------------x

**MEMORANDUM & ORDER**

13-CV-3102 (ENV)(MDG)

VITALIANO, D.J.

 Pasan Witharana, *pro se*, commenced this civil action on May 22, 2013 against defendant Detective Hugh Dorsey of the New York City Police Department ("NYPD") and three other defendants. The Court previously dismissed all claims against those three others, and Detective Dorsey moved to dismiss for lack of prosecution based upon Witharana's repeated failure to comply with Magistrate Judge Go's orders to provide necessary medical releases. On May 7, 2015, Judge Go entered a Report and Recommendation ("R&R") (Dkt. No. 27) recommending that the case be dismissed. For the reasons that follow, the Court adopts Judge Go's R&R in its entirety as the decision of the Court.

## Background

1

Witharana commenced this action alleging false arrest and malicious prosecution in under 42 U.S.C. § 1983. (Compl. at 3). According to the complaint, Detective Dorsey falsely arrested Witharana on April 18, 2012 when he placed him into custody where, ultimately, he was transfered to a psychiatric institution from which he was released on February 19, 2013. (Compl. at 3). The criminal charges against him, which included assault, aggravated harassment and stalking counts, were ultimately dismissed. (Compl. at 5).

On July 9, 2013, Detective Dorsey requested an extension of time to answer the complaint, and also sought signed releases from Witharana for certain confidential medical and arrest records. (Dkt. No. 9). Judge Go granted the application. (*See* Elec. Order. Dated July 9, 2013). Approximately two weeks later, on July 25, 2013, Witharana filed a letter objecting to providing the releases, stating that he was "not willing to release any information to defendant." (Dkt. No. 10 at 2). Detective Dorsey then moved to compel the release of those records, to which Witharana responded with copies of publicly available documents that were already attached to his complaint. (Dkt. No. 12). Along with his opposition, Witharana filed a notice of appeal to the Second Circuit, which was apparently not docketed in this Court until February 6, 2014. (Dkt. No. 18).

On August 16, 2013, defendant renewed his motion to compel. (Dkt. No. 16). On August 19, 2013, Judge Go, again, granted an extension of time to answer the complaint, and, once again, directed Witharana to provide the necessary releases. (Dkt. No. 17). This time, Judge Go also warned Witharana that his failure to comply with her order could result in his complaint being dismissed. (Id.). On November 21, 2013, defendant informed the Court that Witharana's arrest records had been located, since, apparently, they had not actually been sealed. He also advised Judge Go that he still required the relevant medical releases. (Dkt. No. 20).

On February 6, 2014, the Second Circuit dismissed Witharana's appeal as premature, directing this Court to treat the appeal as an objection to the magistrate judge's order. (Dkt. No. 21). On February 12, 2014, the Court overruled Witharana's objections, and, on February 14, 2014, Judge Go, once again, directed him to provided signed medical releases. (Id.; Dkt. No. 22). Undeterred, Witharana filed another notice of appeal, which the Second Circuit dismissed *sua sponte*. (Dkt. No. 25). In an abundance of caution, and patience, Judge Go issued a final order giving Witharana "a final opportunity to comply with the Court's prior orders). (Elec. Order Jan. 9, 2015). Witharana has filed no response, and has still failed to provide the releases. Detective Dorsey, in a letter application, moved to dismiss the action for

failure to prosecute on February 2, 2015. To date, Witharana has not filed a response and remained in defiance of the prior orders. On May 7, 2015, Judge Go issued an R&R recommending that the motion to dismiss for lack of prosecution be granted.

## Discussion

In reviewing an R&R of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district judge is required to "make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made" by any party. Fed. R. Civ. P. 72(b). But, where no timely objection has been made, the "district court need only satisfy itself that there is no clear error on the face of the record" to accept the R&R. *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001).

The R&R in this case was sent by mail to Witharana the day it was entered, and advised him that any objections he wanted to assert had to be received by May 26, 2015. No party has objected to Judge Go's R&R, much less within the time prescribed by 28 U.S.C. § 636(b)(1) and as noted in Judge Go's R&R. In accord with the applicable standard of review, the Court finds

Judge Go's R&R to be characteristically correct, well-reasoned and free of any clear error. The Court, therefore, adopts it in its entirety as the opinion of the Court.

## Conclusion

For the foregoing reasons, the Court adopts Judge Go's R&R and this case is dismissed for failure to prosecute.

The Clerk of Court is directed to enter judgment for defendant, and to close this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Brooklyn, New York
July 23, 2015

s/Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge